# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| CENTERSTATE BANK CORPORATION, ERNEST S. PINNER, CHARLES W. MCPHERSON, JAMES H. BINGHAM, MICHAEL J. BROWN SR., CHARLES DENNIS CARLTON, MICHAEL F. CIFERRI, JOHN C. CORBETT, JODY JEAN DREYER, GRIFFIN A. GREENE, JOHN H. HOLCOMB III, RICHARD MURRAY IV, GEORGE TIERSO NUNEZ, THOMAS E. OAKLEY, G. RUFFNER PAGE JR., WILLIAM KNOX POU JR., DANIEL R. RICHEY, DAVID G. SALYERS, JOSHUA A. SNIVELY SR., MARK W. THOMPSON, and SOUTH STATE CORPORATION, | ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on January 27, 2020 (the "Proposed Transaction"), pursuant to which CenterState Bank Corporation ("CenterState" or the "Company") will be acquired by South State Corporation ("South State").

2.      On January 25, 2020, CenterState's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with South State. Pursuant to the terms of the Merger Agreement, CenterState's stockholders will receive 0.3001 shares of South State common stock for each share of CenterState common stock they own.

3. On March 16, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of CenterState common stock.

9. Defendant CenterState is a Florida corporation and a party to the Merger Agreement. CenterState's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "CSFL."

10. Defendant Ernest S. Pinner is Chairman of the Board of the Company.

11. Defendant Charles W. McPherson is Lead Director of the Company.

12. Defendant James H. Bingham is a director of the Company.

13. Defendant Michael J. Brown Sr. is a director of the Company.

14. Defendant Charles Dennis Carlton a director of the Company.

15. Defendant Michael F. Ciferri is a director of the Company.

16. Defendant John C. Corbett is President, Chief Executive Officer, and a director of the Company.

17. Defendant Jody Jean Dreyer is a director of the Company.

18. Defendant Griffin A. Greene is a director of the Company.

19. Defendant John H. Holcomb III is a director of the Company.

20. Defendant Richard Murray IV is a director of the Company.

21. Defendant George Tierso Nunez is a director of the Company.

22. Defendant Thomas E. Oakley is a director of the Company.

23. Defendant G. Ruffner Page Jr. is a director of the Company.

24. Defendant William Knox Pou Jr. is a director of the Company.

25. Defendant Daniel R. Richey is a director of the Company.

26. Defendant David G. Salyers is a director of the Company.

27. Defendant Joshua A. Snively Sr. is a director of the Company.

28. Defendant Mark W. Thompson is a director of the Company.

29. The defendants identified in paragraphs 10 through 28 are collectively referred to herein as the "Individual Defendants."

30. Defendant South State is a South Carolina corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of CenterState (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

32. This action is properly maintainable as a class action.

33. The Class is so numerous that joinder of all members is impracticable. As of January 25, 2020, there were approximately 125,276,300 shares of CenterState common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

34. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

35. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

36. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards

of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

37. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

38. CenterState operates as one of the leading Southeastern regional bank franchises.

39. Both the Company and its nationally chartered bank subsidiary, CenterState Bank, N.A., are based in Winter Haven, Florida.

40. With over $17 billion in assets, CenterState Bank, N.A. provides traditional retail, commercial, mortgage, wealth management, and SBA services throughout its Florida, Georgia, and Alabama branch network and customer relationships in neighboring states.

41. On January 25, 2020, CenterState's Board caused the Company to enter into the Merger Agreement with South State.

42. Pursuant to the terms of the Merger Agreement, CenterState's stockholders will receive 0.3001 shares of South State common stock for each share of CenterState common stock they own.

43. According to the press release announcing the Proposed Transaction:

> CenterState Bank Corporation (NASDAQ: CSFL) ("CenterState"), the parent company of CenterState Bank, and South State Corporation (NASDAQ: SSB) ("South State"), the parent company of South State Bank, jointly announced today that they have entered into a definitive agreement under which the companies will combine in an all-stock merger of equals with a total market value of approximately $6 billion to create a leading Southeastern-based regional bank.

Under the terms of the merger agreement, which was unanimously approved by the Boards of Directors of both companies, CenterState shareholders will receive 0.3001 shares of South State common stock for each share of CenterState common stock they own. CenterState shareholders will own approximately 53% and South State shareholders will own approximately 47% of the combined company.

The combined company will operate under the South State Bank name and will trade under the South State ticker symbol SSB on the Nasdaq stock market. The company will be headquartered in Winter Haven, Florida and will maintain a significant presence in Columbia and Charleston, South Carolina; Charlotte, North Carolina; and Atlanta, Georgia. . . .

Approval and Timing

The merger is expected to close in the third quarter of 2020, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.

Transaction Advisors

Piper Sandler & Co. served as financial advisor to South State, with Wachtell, Lipton, Rosen & Katz serving as legal advisor.

Keefe, Bruyette & Woods, *A Stifel Company*, served as financial advisor to CenterState, with Davis Polk & Wardwell LLP serving as legal advisor.

***The Registration Statement Omits Material Information***

44. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

45. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

46. The Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Keefe, Bruyette & Woods, Inc. ("KBW").

47. With respect to KBW's South State and CenterState Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by KBW in the analysis.

48. With respect to KBW's Pro Forma Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by KBW in the analysis.

49. With respect to KBW's Selected Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by KBW in the analysis.

50. With respect to KBW's Financial Impact Analysis, the Registration Statement fails to disclose: (i) the closing balance sheet estimates as of June 30, 2020 for South State and CenterState; (ii) the pro forma assumptions; (iii) the extent to which the Proposed Transaction could be accretive to South State's estimated 2020 EPS, estimated 2021 EPS, and estimated 2022 EPS; (iv) the extent to which the Proposed Transaction could be dilutive to South State's estimated tangible book value per share as of June 30, 2020; and (v) the extent to which the Proposed Transaction could be accretive relative to CenterState's estimated 2022 EPS.

51. With respect to KBW's South State Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.0% to 11.0%; (ii) the estimated excess cash flows that South State could generate over the period from January 1, 2020 through December 31, 2024 as a stand-alone company and all underlying line items; (iii) South State's terminal values; and (iv) KBW's basis for applying a range of 11.0x to 15.0x South State's estimated 2025 earnings.

52. With respect to KBW's CenterState Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.0% to 11.0%; (ii) the estimated excess cash flows that CenterState could generate over the period from January 1, 2020 through December 31, 2024 as a stand-alone company and all underlying line items; (iii) CenterState's terminal values; and (iv) KBW's basis for applying a range of 11.0x to 15.0x CenterState's estimated 2025 earnings.

53. With respect to KBW's Pro Forma Combined Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 6.5% to 10.5%; (ii) the estimated excess cash flows that the pro forma combined entity could generate over the period from July 1, 2020 through December 31, 2024 and all underlying line items; (iii) the pro forma combined entity's terminal values; and (iv) KBW's basis for applying a range of 11.0x to 15.0x the pro forma combined entity's estimated 2025 earnings.

54. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

55. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) CenterState's Reasons for the Merger; Recommendation of the CenterState Board of Directors; (iii) Opinion of CenterState's Financial Advisor; and (iv) Certain Unaudited Prospective Financial Information.

56. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

# COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and CenterState

57.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. CenterState is liable as the issuer of these statements.

59.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

60.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

61.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

62.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

63.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

64. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and South State

65. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

66. The Individual Defendants and South State acted as controlling persons of CenterState within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of CenterState and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

67. Each of the Individual Defendants and South State was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

68. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

69. South State also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

70. By virtue of the foregoing, the Individual Defendants and South State violated Section 20(a) of the 1934 Act.

71. As set forth above, the Individual Defendants and South State had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 19, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com